JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cheryl Turk

### DEFENDANTS
State Farm Mutual Automobile Insurance Company d/b/a State Farm Insurance Co.

**(b)** County of Residence of First Listed Plaintiff: **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **McLean**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*: Jeffrey Michels, Esquire
1234 Bridgetown Pike, Suite 110, Feasterville, PA 19053
215-461-2660

Attorneys *(If Known)*: Lori Miller, Esquire
121 S. Broad Street, 16th Floor, Philadelphia, PA 19107
217-735-3994

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: **Pursuit of UIM Benefits**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE: 4/27/18
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT  APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2013 Sunrise Way, Jamison, PA 18929

Address of Defendant: One State Farm Plaza, Bloomington, IL 61710

Place of Accident, Incident or Transaction: insurance contract
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____          _____          _____
                          Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/27/18

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Cheryl Turk | : | CIVIL ACTION |
| v. | : | |
| State Farm Mutual Automobile Insurance Company d/b/a State Farm Insurance Co. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| April 27, 2018 | Lori Miller | State Farm Mutual Automobile Insurance Company |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-735-3994 | 215-735-1133 | lmiller@gmrlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNYSLVANIA

CHERYL TURK             :
                        :
   v.                   :
                        :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY d/b/a :   NO.
STATE FARM INSURANCE CO. :
                        :

## DISCLOSURE STATEMENT FORM

Please check one box:

X      The nongovernmental corporate party, State Farm Mutual Automobile Insurance Company, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

     The nongovernmental corporate party, _____ in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

4/24/18

Date                                      Signature

                                     Counsel for:    State Farm Mutual Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNYSLVANIA

CHERYL TURK　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
STATE FARM MUTUAL AUTOMOBILE　：
INSURANCE COMPANY d/b/a　　　　　：　　NO.
STATE FARM INSURANCE CO.　　　　　：
　　　　　　　　　　　　　　　　　　　:

## NOTICE OF REMOVAL

AND NOW, comes the Defendant, State Farm Mutual Automobile Insurance Company [hereinafter "State Farm"], for the purpose only of removing this case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1. This is a civil action filed and now pending in the Court of Common Pleas of Bucks County, Pennsylvania, No. 2018-01632.

2. The action was initiated by the filing of a complaint on March 20, 2018. *A copy of the complaint is attached hereto as Exhibit A.*

4. State Farm is now, and was at the time the Plaintiff commenced this action and filed her Complaint, a corporation organized under the laws of the State of Illinois with its principal place of business in Illinois, and therefore, is a citizen of Illinois for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

5. Plaintiff's Complaint asserts two claims against State Farm: (1) breach of contract and (2) statutory bad faith based on Plaintiff's claim for underinsured motorist benefits from an alleged motor vehicle accident Plaintiff was involved in that occurred on June 6, 2017. *See Exhibit A.*

6. Plaintiff's complaint alleges that policy at issue provided first-party medical benefits in the amount of $100,000 and the count for Breach of Contract claims that Plaintiff is entitled to an award in excess of $50,000. ***See Exhibit A.***

7. The count for Statutory Bad Faith in Plaintiff's complaint also alleges that Plaintiff is entitled to an award in excess of $50,000. ***See Exhibit A.***

8. Pursuant to 28 U.S.C. § 1332 the amount in controversy between Plaintiff and State Farm is in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, based upon the aggregate amount of Plaintiff's claims against State Farm in excess of $100,000 plus attorney's fees and punitive damages since each Count (I-II) states a district cause of action against State Farm.

9. In addition, the amount in controversy is in excess of $75,000 exclusive of interest and costs for the Plaintiff, based on the fact that punitive damages, such as those authorized by the Pennsylvania bad faith statute, 42 Pa.C.S. § 8371, are a permissible way to bridge any jurisdictional gap to the extent any jurisdictional gap exists. Bell v. Preferred Life Assurance Society, 320 U.S. 238 (1943).

10. This is a suit of civil nature and involves a controversy between citizens of different states. Plaintiff is a citizen of the Commonwealth of Pennsylvania. Defendant, State Farm, is a citizen of the State of Illinois.

11. 28 U.S.C. §1446(b) provides that:

> (1) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

12. State Farm files this Notice of Removal pursuant to 28 U.S.C. §1446(b)(43).

13. This notice of removal is being filed within thirty (30) days of State Farm's notice of Plaintiff's Complaint, which is timely filed pursuant to 28 U.S.C. § 1446(b)

14. The averments made herein are true and correct with respect to the date upon which the complaint was filed, the date upon which State Farm was served with Plaintiff's Complaint, and the date upon which this notice is being filed.

15. Pursuant to 28 U.S.C. § 1446(d), State Farm has filed this Notice with this Court and is simultaneously serving a copy of this Notice upon counsel for all parties, and is filing a copy in the Court of Common Pleas of Philadelphia County, Pennsylvania.

WHEREFORE, State Farm Mutual Automobile Insurance Company hereby removes this suit to this Honorable Court pursuant to the laws of the United States.

GOLDBERG, MILLER & RUBIN P.C.

BY: _____
Lori Miller, Esquire
I.D. NO. 60197
Suite 1600, North American Building
121 South Broad Street
Philadelphia, PA  19107
(215) 735-3994
Attorney for Defendant
State Farm Mutual Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| CHERYL TURK | : |
| | : |
| v. | : |
| | : |
| STATE FARM MUTUAL AUTOMOBILE | : |
| INSURANCE COMPANY d/b/a | : NO. |
| STATE FARM INSURANCE CO. | : |

## NOTICE TO ALL PARTIES

To:  CHERYL TURK
     c/o Jeffrey S. Michels, Esquire
     Law Offices of Jeffrey Michels, LLC
     1234 Bridgetown Pike, Suite 110
     Feasterville, PA 19053

Please take notice that defendant, State Farm Mutual Automobile Insurance Company, by its attorneys Goldberg, Miller & Rubin, P.C. has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania removing to that Court a Civil Action previously pending in the Court of Common Pleas of Bucks County, No. 2018-01632 captioned Cheryl Turk v. State Farm Mutual Automobile Insurance Company.

                                        GOLDBERG, MILLER & RUBIN P.C.
                                        BY: _____
                                              Lori Miller, Esquire
                                              I.D. NO. 60197
                                              Suite 1600, North American Building
                                              121 South Broad Street
                                              Philadelphia, PA  19107
                                              (215) 735-3994
                                              Attorney for Defendant
                                              State Farm Mutual Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNYSLVANIA

CHERYL TURK          :
                     :
                     :
    v.               :
                     :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY d/b/a      :   NO.
STATE FARM INSURANCE CO.     :
                     :

## PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA  :

COUNTY OF BUCKS               :

Lori Miller, Esquire, being duly sworn according to law, deposes and says that she is an attorney in the law firm of Goldberg, Miller & Rubin, P.C. attorneys for Defendant, State Farm Mutual Automobile Insurance Company and that she did direct the filing with the Prothonotary of the Court of Common Pleas of Bucks County a copy of the Notice of Removal attached hereto, said filing to be made on April 27, 2018.

       GOLDBERG, MILLER & RUBIN P.C.

    BY: _____
      Lori Miller, Esquire
      I.D. NO. 60197
      Suite 1600, North American Building
      121 South Broad Street
      Philadelphia, PA 19107
      (215) 735-3994
      Attorney for Defendants,
      State Farm Mutual Automobile Insurance Company

Sworn and subscribed to
me on this 27th day
of April, 2018

_Angelica Marie Auddino_
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ANGELICA MARIE AUDDINO
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires Jan 25, 2021

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ANGELICA MARIE AYUDURO
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires Jan 25, 2021

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| CHERYL TURK | : |
| | : |
| v. | : |
| | : |
| STATE FARM MUTUAL AUTOMOBILE | : NO. |
| INSURANCE COMPANY d/b/a | : |
| STATE FARM INSURANCE CO. | : |

    Lori Miller, Esquire, after being first duly sworn upon oath, deposes and says that she is a partner in the law firm of Goldberg, Miller & Rubin, P.C. attorneys for the Defendant, State Farm Mutual Insurance Company, and that she did serve on April 27, 2018 the aforementioned Notice to all parties listed below depositing a copy of same in the United States Post Office box, postage pre-paid, enclosed in an envelope plainly addressed to:

CHERYL TURK
c/o Jeffrey S. Michels, Esquire
Law Offices of Jeffrey Michels, LLC
1234 Bridgetown Pike, Suite 110
Feasterville, PA 19053

                           GOLDBERG, MILLER & RUBIN P.C.

BY: _____
                Lori Miller, Esquire
                I.D. NO. 60197
                Suite 1600, North American Building
                121 South Broad Street
                Philadelphia, PA 19107
                (215) 735-3994
                Attorney for Defendants,
                State Farm Mutual Automobile Insurance Company

Sworn and subscribed to
me on this 27th day
of April, 2018

_Angelica Marie Auddino_
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ANGELICA MARIE AUDDINO
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires Jan 25, 2021

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ANGELICA MARIE AUDOINO
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires Jan 23, 2021

# EXHIBIT A



## COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

CHERYL TURK

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

NO. 2018-01632

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Bucks County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:   JEFFREY S. MICHELS, Esq., ID: 49556

Self-Represented (Pro Se) Litigant [ ]

**Class Action Suit**   [ ] Yes   [X] No

**MDJ Appeal**   [ ] Yes   [X] No       **Money Damages Requested** [X]

**Commencement of Action:**                **Amount in Controversy:**

Complaint                                   $50,000 or less

## Case Type and Code

Contract: _____

Other: _____

Other:   FIRST PARTY MEDICAL BENEFITS

Case# 2018-01632-0 - JUDGE:26 Received at County of Bucks Prothonotary on 03/20/2018 3:54 PM, Fee = $255.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-01632-0 - JUDGE:26 Received at County of Bucks Prothonotary on 03/20/2018 3:54 PM, Fee = $255.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| JEFFREY S. MICHELS, ESQUIRE<br>LAW OFFICES OF JEFFREY MICHELS, LLC<br>1234 BRIDGETOWN PIKE, SUITE 110<br>FEASTERVILLE, PA 19053<br>(215) 461-2660<br>IDENTIFICATION NO. 49556 | ARBITRATION CASE<br>AN ASSESSMENT OF DAMAGES<br>HEARING IS REQUIRED<br><br>ATTORNEY FOR PLAINTIFF |
| CHERYL TURK<br>2013 Sunrise Way<br>Jamison, PA 18929<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, d/b/a STATE<br>FARM INSURANCE CO.<br>One State Farm Drive<br>Concordville, PA 19339 | BUCKS COUNTY<br>COURT OF COMMON PLEAS<br>TRIAL DIVISION<br><br>NO. |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE, IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Buck County Bar Association
135 East State Street
P.O. Box 300
Doylestown, PA 18901
Phone (215)348-9413, 1-800-479-8585,
Fax (215)348-3277
www.bucksbar.org
PA Bar Association: www.pabar.org

Case# 2018-01632-0 - JUDGE:26 Received at County of Bucks Prothonotary on 03/20/2018 3:54 PM, Fee = $255.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| JEFFREY S. MICHELS, ESQUIRE<br>LAW OFFICES OF JEFFREY MICHELS, LLC<br>1234 BRIDGETOWN PIKE, SUITE 110<br>FEASTERVILLE, PA 19053<br>(215) 461-2660<br>IDENTIFICATION NO. 49556 | ARBITRATION CASE<br>AN ASSESSMENT OF DAMAGES<br>HEARING IS REQUIRED<br><br>ATTORNEY FOR PLAINTIFF |
| CHERYL TURK<br>2013 Sunrise Way<br>Jamison, PA 18929<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, d/b/a STATE<br>FARM INSURANCE CO.<br>One State Farm Drive<br>Concordville, PA 19339 | BUCKS COUNTY<br>COURT OF COMMON PLEAS<br>TRIAL DIVISION<br><br>NO. |

## CIVIL ACTION
## <u>1C - CONTRACT</u>

1. Plaintiff, CHERYL TURK, is an individual who currently resides at 2013 Sunrise Way, Jamison, Pennsylvania 18929.

2. Defendant, STATE FARM MUTUAL INSURANCE COMPANY, d/b/a STATE FARM INSURANCE COMPANY (hereinafter, "Defendant STATE FARM") is a foreign corporation that conducts business within Bucks County, Pennsylvania and maintains a registered office for service of process at One State Farm Drive, Concordville, Pennsylvania 19339.

3. On or about June 6, 2017, Plaintiff, CHERYL TURK, sustained personal injuries in a motor vehicle accident.

4. On the aforesaid date, Plaintiff, CHERYL TURK was driving her work vehicle, a 2002 Chevy Astro, which was owned by Cheryl's Custom Cleaners, LLC, a Pennsylvania limited liability company owned by Plaintiff, CHERYL TURK.

5. On the aforesaid date, the vehicle Plaintiff, CHERYL TURK was driving was covered by a policy of automobile insurance in the name of Cheryl's Custom Cleaners, LLC, issued by Defendant, STATE FARM, policy number 0758576-E01-38B (hereinafter, the "POLICY"). A true and correct copy of the applicable Declaration Page issued by Defendant, STATE FARM, is attached hereto as Exhibit "A", and is incorporated herein by reference.

6. Plaintiff, CHERYL TURK, as the owner and employee of Cheryl's Custom Cleaners, LLC, was entitled to receive first-party medical loss benefits under the POLICY issued by Defendant, STATE FARM, pursuant to 75 Pa.C.S.A. 1713(a)(2).

7. As a result of the automobile accident of June 6, 2017, Plaintiff, CHERYL TURK, suffered severe and permanent internal and external injuries in and about the head, body and limbs, including but not limited to: lumbar disc herniation confirmed by MRI; lumbar radiculopathy, cervical radiculopathy; aggravation of left hand first finger CMC joint osteoarthritis; right long finger stenosing tenosynovitis; and acute post traumatic cervical, dorsal and lumbosacral sprain and strain.

8. As a further result of the automobile accident, Plaintiff, CHERYL TURK, has been obliged to receive and undergo medical attention and care and to expend various sums of money or to incur various expenses for which medical benefits are payable under the POLICY.

9. Plaintiff, CHERYL TURK, may be obliged to continue to expend various sums of money for an indefinite period of time into the future in order to receive treatment for the injuries suffered in the above-mentioned accident.

10. The POLICY provided Plaintiff with a total of $100,000.00 in first-party medical loss benefits.

11. Defendant, STATE FARM, is refusing to pay any medical bills claiming that Plaintiff was insured on a personal automobile insurance policy with Allstate, despite the fact that Plaintiff, CHERYL TURK, was in the course of her employment and was driving the vehicle insured by Defendant, STATE FARM, at the time of the accident.

12. At various times, Plaintiff, CHERYL TURK's medical providers have requested that Defendant, STATE FARM, pay these medical bills (**under Defendant, STATE FARM's claim number: 380360C94**) which have accumulated between June 6, 2017 to present.

13. All of the medical bills Plaintiff, CHERYL TURK, has incurred are fair and reasonable, and all treatment specified therein and continuing to be performed was and is medically necessary as a result of the injuries that Plaintiff, CHERYL TURK, sustained in the accident of June 6, 2017.

14. To date, Defendant, STATE FARM, has failed to pay any of the medical bills attributable to the injuries sustained by Plaintiff, CHERYL TURK, in the accident of June 6, 2017.

## COUNT I - BREACH OF CONTRACT

15. Plaintiff, CHERYL TURK, incorporates herein by reference the averments contained in paragraphs 1 through 14 inclusive, as fully as though the same were herein set forth at length.

16. As a direct result of the Defendant, STATE FARM's refusal to pay the balance of necessary and reasonable medical expenses due under the terms and conditions of the POLICY and the Pennsylvania Motor Vehicle Financial Responsibility Law, Plaintiff, CHERYL TURK, has been required to hire an attorney to collect the medical bills herein due.